Denio, J.
 

 The only question arising upon this appeal is, whether the plaintiff sufficiently proved itself to be a corporation under the laws of the State of Ohio. The statute of that State authorized individuals to associate and form banking companies, by signing and acknowledging a certificate stating
 
 *543
 
 certain particulars, and causing it to be recorded in the office of tho recorder of the county. The act further provides for an examination of the institutions which shall have recorded certificates, by the bank commissioners or a special agent appointed by them, to ascertain whether they have complied with the "act; and the commissioners are to certify to the Governor as to such as shall have been approved of, and if he is also satisfied that the law has been complied with, he is to issue his proclamation, setting forth that they are authorized to commence and carry on the business of banking.
 

 The plaintiff (the issue being on its having been created a corporation) proved that a certificate, containing the requisites mentioned in the act, had been recorded in the proper County, in the year 1845; and it examined its cashier, who proved that -it had been doing business as a bank, under its articles of association, at Toledo, for several years last past, and that the defendant, during all that time, had acted as its collecting agent at Buffalo, corresponding with it and addressing it letters under its corporate name. The Supreme Court held the proof sufficient, and the plaintiff recovered.
 

 I am of opinion that the judgment was in accordance with the decisions of this court in the cases of
 
 The Methodist Episcopal Church
 
 v.
 
 Pickett
 
 (19 N. Y., 482), and
 
 Eaton
 
 v.
 
 Aspinwall (Id.,
 
 119), and that it ought to be affirmed.
 

 Clerks, J., also delivered an opinion for affirmance, and all the judges concurred.
 

 Judgment affirmed