ALFRED DE WITT et al., Appellants, *v.* S. CLINTON HASTINGS, Respondent.

Defendant, with others, in January, 1865, attended a preliminary meeting and signed articles of association for the purpose of organizing a manufacturing corporation under the general law (chap. 40, Laws of 1848), in which articles defendant was named as trustee. The intention was to purchase a patent for the "Beater press," so called, and the object of the corporation, as stated in the articles, was "for the purpose of manufacturing, using and selling to others" said press. The articles were not filed in the office of the county clerk; a copy was filed in the office of the secretary of state; certificates of stock were issued to defendant, but no capital was paid in, by-laws adopted or officers elected. Discovering that the patent had been sold to others, as defendant's evidence tended to show, the enterprise was, by consent of a majority of those concerned, abandoned; defendant immediately surrendered his certificate of stock, and gave notice to one L., who presided at the preliminary meeting, and who claimed to be president of the company, that he resigned all connection, and would have nothing more to do with the enterprise, and thereafter he had nothing further to do with it. Plaintiffs, at the request of one D., who claimed to be agent for the alleged corporation, and who exhibited to them a circular describing it and naming its officers, in which D. was styled general superintendent, paid freight upon and stored certain presses purchased by L., before the filing of the copy certificate, and shipped by him in his individual name to D. The evidence did not connect defendant with the circular. In an action to recover of defendant the freight and storage as a debt of the alleged corporation, because of failure to file an annual report in January, 1866, as required by said act (§ 12), the court struck out the evidence in respect to the abandonment of the enterprise, and refused to submit to the jury the questions of the organization of

the company, the withdrawal of defendant therefrom, and as to whether any debt of the company was legally incurred. *Held*, error; that defendant was not estopped from denying the incorporation of the company; that the evidence would have authorized a finding that no organization was completed, and that there was no such user of the corporate franchises as would cure the defect in the organization; also, that it did not appear indisputably that the purchase of the presses was within the objects declared in the articles; or that the plaintiffs' claim was a valid one against the company if properly organized.

(Argued April 10, 1877; decided May 22, 1877.)

APPEAL from order of the General Term of the Superior Court of the city and county of New York reversing a judgment in favor of plaintiffs, entered upon a verdict, and granting a new trial. (Reported below, 8 J. & S., 463.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*John E. Parsons*, for the appellants. Defendant continued to be a trustee of the corporation until another was elected in his place. (Laws 1860, chap. 270, p. 472, § 2.) It was not necessary for plaintiffs to show that Leland was specially authorized by the trustees to purchase the presses. (*Hascall* v. *L. Assn. of Am.*, Ct. App. [not rep.]; *Howland* v. *Meyer*, 6 Conn., 290; *Conover* v. *Mut. Ins. Co.*, 3 Den., 254; *Bk. of Vergennes* v. *Warren*, 7 Hill, 91; *Hoag* v. *Lamont*, 60 N. Y., 96.) The purchase of the presses was directly within the objects declared by the articles of association. (*S. Y. R. Co.* v. *G. N. R. Co.*, 9 Exch., 56, 85; *Bateman* v. *Ashton-under-Lyne*, 3 H. & N., 323; *Norwich* v. *Norf. R. Co.*, 4 E. & B., 397; *Moss* v. *Rossie L. M. Co.*, 5 Hill, 137; *State of Indiana* v. *Woram*, 6 id., 33; *De Groff* v. *Am. L. T. Co.*, 21 N. Y., 124; *Bissell* v. *M. S. R. R. Co.*, 22 id., 258; *Parish* v. *Wheeler*, id., 494; *McCutcheon* v. *Stbt. Co.*, 13 Penn., 13; *Allegheny City* v. *McClarkson*, 14 id., 83; *Chester Glass Co.* v. *Dewey*, 16 Mass., 94, 102: *Bulkley* v. *Derby F. Co.*, 2 Conn., 252, 255; *Parker* v. *B. and M. R. R. Co.*, 3 Cush., 107, 108; 29 Vt., 93; *S. L. Bank* v. *North*, 4 J.

Ch., 370; *L. and F. Ins. Co.* v. *Mech. F. Ins. Co.*, 7 Wend., 31; *Palmer* v. *Lawrence*, 3 Sand., 161; *S. H. Bk.* v. *Lewis Co Bk.*, 11 Barb., 213; *Bk. of Genesee* v. *Patchin Bk.*, 13 N. Y., 309; *Steam Nav. Co.* v. *Weed*, 17 Barb., 378.) It was not necessary to establish the agency of Davis. (*Fish* v. *Newton*, 2 Den., 45; *Mayell* v. *Potter*, 2 J. Cas., 374; *Van Santford* v. *St. John*, 6 Hill, 157; *McDonald* v. *West. R. R. Co.*, 34 N. Y., 497; *Wadsworth* v. *Allcott*, 6 id., 64; *Hinton* v. *Locke*, 5 Hill, 437; *Wilcox* v. *Wood*, 9 Wend., 346; *Hyde* v. *T. and M. Nav. Co.*, 5 T. R., 389.) The failure to file the certificate in the county clerk's office was immaterial. (*Tarbell* v. *Page*, 24 Ill., 40; *Baker* v. *Backus*, 32 id., 79; *S. V. W. Works* v. *California*, 22 Cal., 424; *Cross* v. *Pickneyville Mill Co.*, 17 Ill., 54; *M. H. M. Co.* v. *Woodbury*, 14 Cal., 424; *McFarland* v. *Triton Ins. Co.*, 4 Den., 392; *Eaton* v. *Aspinwall*, 19 N. Y., 119; *Caryl* v. *McElrath*, 3 Sandf. [S. C.], 176; *Aspinwall* v. *Sacchi*, 57 N. Y., 331; *B. and A. R. R. Co.* v. *Cary*, 26 id., 75; *In re Ref. Presb. Ch.*, 7 How. Pr., 476; *Doyle* v. *P. Pet. Co.*, 441 Barb., 239; *Trustees, etc.* v. *Hills*, 6 Cow., 23; *Brower* v. *Appleby*, 1 Sand., 158; *M. E. Un. Ch.* v. *Pickett*, 19 N. Y., 482; *A. S. Ch.* v. *Lovett*, 1 Hall, 191; *Mead* v. *Keeler*, 24 Barb., 20; *D. C. Man. Co.* v. *Davis*, 14 J. R., 238; *Garrison* v. *Howe*, 17 N. Y., 458; *Bk. of Poughkeepsie* v. *Ibbotson*, 24 Wend., 433.)

*Samuel Hand*, for the respondent. Defendant's resignation was sufficient to relieve him from all duties and liabilities as trustee. (*Chandler* v. *Hoag*, 2 Hun, 619; 63 N.Y., 624; *Squires* v. *Brown*, 22 How., 35, 46; *Rex* v. *Mayor*, 1 Ld. Raym., 563.) The corporation never in reality existed, the necessary steps to form it not having been taken. (*Childs* v. *Smith*, 55 Barb., 45; 22 How., 35, 47; *Uttley* v. *Un. Tool Co.*, 11 Gray, 139.) Defendant is not estopped from denying the existence of the corporation as to plaintiffs. (*Wel. Canal Co.* v. *Hathaway*, 8 Wend., 480; *Mech. B'k* v. *N. H. R. R. Co.*, 3 Kern., 599; *Malony* v. *Horan*, 12 Abb. (N. S.), 289.) Leland was not authorized to purchase the

presses. (*Fulton Bk.* v. *N. Y. & S. Canal Co.*, 4 Paige, 127; *Boone* v. *City of Utica*, 2 Barb., 104; *Ash. Manf. Co.* v. *Marsh*, 1 Cush., 507; *Ridgway* v. *Farmers' B'k*, 12 S. & R., 256; *Marine B'k* v. *Clements*, 3 Bosw., 600; *Dabney* v. *Stevens*, 2 Swe., 415, 426.)

Rapallo, J. This is an appeal from an order granting a new trial. The action was brought against the defendant as a trustee of an alleged corporation, named the "Pacific Beater Press Company," to recover from him a debt alleged to be due from such company to the plaintiff. The ground upon which the defendant was sought to be charged was the failure of the company to make and file an annual report as required by the general act for the formation of manufacturing corporations.

The answer set up several defenses. It denied the formation or existence of the alleged corporation, or that the defendant ever was trustee of any such corporation. It averred that any proceedings had with a view to the formation of such corporation were commenced on false and fraudulent representations, and that the project of forming such a corporation was abandoned on the discovery of the fraud. It denied any indebtedness from the corporation to the plaintiff. It set up the statute of limitations—and also a former judgment in favor of the defendant in an action brought against him and others by the plaintiffs for the same cause of action.

Evidence was given or offered on all these issues, but the court at the trial withdrew from the consideration of the jury all questions except that arising upon the defense of the statute of limitations, and instructed them that if they found that the defendant was a resident of California, the plaintiffs were entitled to a verdict.

The defendant asked to go to the jury upon the questions of the organization of the company, the withdrawal of the defendant therefrom prior to the alleged incurring of the debt in controversy, and whether any debt of the company

was legally incurred. He also offered to prove the defense of the prior action and judgment. The court refused these requests and offer. Numerous exceptions were taken during the progress of the case.

The jury found for the plaintiffs on the plea of the statute of limitations, and thereupon judgment was entered for the plaintiffs.

On appeal to the General Term this judgment was reversed and a new trial ordered on the ground that the jury might have found from the facts proved, that although there was an intention to form a corporation, yet before that intention was carried out, the defendant and others refused to proceed further. That thereupon certain individuals took up the affair and attempted, without authority, to act for the association, which in fact had no existence after the refusal, and that the defendant had done nothing to estop him from denying the existence of the corporation; and also on the further ground that the facts did not indisputably show that the purchase of the presses, for the freight and charges upon which the action was brought, was within the objects declared in the articles of association, nor that Davis, by whom the supposed indebtedness was incurred, was the agent of the supposed association in the matter in dispute.

That the company was never regularly incorporated is indisputable. The defendant with others, signed articles of association, which were acknowledged January 4th, 1865. But these articles were never filed in the office of the clerk of the county. A copy of them was filed in the office of the Secretary of State on the 25th of February, 1865. In these articles the defendant was named as one of the trustees for the first year. But, according to the testimony of the defendant, the agreement to form the association was based upon a proposition that it should purchase the patent for the Beater Press, for the Pacific coast, including California, and the certificates were signed with that view. Certificates of stock were issued and delivered to the defendant, but nothing further was done, no capital was paid in, no by-laws

adopted, nor officers elected.   While affairs were in this condition it was discovered that the patent had been sold to others, and thereupon the defendant testifies that the whole enterprise was abandoned, and he immediately and before March 1st, 1865, surrendered the certificate of stock which he had received, and denounced the whole proceeding as a fraud, and gave notice in writing to the person who had presided at the preliminary meeting for the formation of the company, and who claimed to be president thereof, that he resigned all connection with the enterprise, and would have nothing more to do with it.   He further testified that by consent of a majority of those interested the whole concern was abandoned immediately after the issue of the certificates. All this occurred before any business had been transacted by the alleged corporation, and thenceforward the defendant took no part in any proceedings of the alleged company. He also testified as to certain pretended records of the proceedings of the proposed company, which were received in evidence, purporting to be minutes of meetings held at different times in different years, and pretending that defendant was present at such meetings, that such pretended records were fictitious.    That he never was present at any meeting except the one which took place in January 1865 prior to the acknowledgment of the certificate.   This action was brought in 1875, and the recovery was based, in the charge of the judge, upon the failure to file a statement in January 1866.   The evidence in respect to the abandonment of the enterprise, and the notice given by the defendant of his withdrawal therefrom, appears to have been stricken out on the trial, and exception duly taken.   On what ground this evidence was stricken out does not appear.

The alleged debt for which this action was brought consisted of freight and charges paid by the plaintiffs, and storage upon certain presses purchased in February, 1865, by Simeon Leland, who claimed to be president of the company. The purchase was made before the certificate of incorporation had been filed anywhere, and no authority from the alleged

corporation to Leland to make the purchase was shown, nor does it clearly appear that it was made in the name of the company. The purchase, moreover, was not within the scope of the business as described in the certificate, which was to manufacture, use and sell the hay-presses, not to purchase and sell. These presses were shipped by Leland in his individual name to J. C. Davis, individually, at San Francisco. The name of the company does not appear. They arrived in August, 1865. Notice of arrival was given to Davis individually, and he, in his own name, requested the plaintiffs to store them, and, at his request, the plaintiffs paid the freight, etc. It is for this freight and storage that this action is brought. Thus far, the company does not appear in the transaction, but it was shown that, during the course of the business (though at what precise time does not appear), Davis claimed to be agent of the company, and exhibited to the plaintiffs a circular describing the alleged company, with the names of the officers and directors, in which circular Davis is described as General Superintendent in California. There is no evidence distinctly connecting the defendant with this circular, nor, in fact, is there any act of his shown by uncontroverted evidence, except his having attended the preliminary meeting of January 3, 1865, his signing the certificate of incorporation and acknowledging it on the 4th January, 1865, and his receiving certificates for ninety-five shares of stock, for which he paid nothing, and which he surrendered prior to 1st March, 1865, but at what particular time does not appear.

No authority to Leland to act as president, or to represent the company, or to Davis to act as agent for the company, is shown, other than that purporting to have been conferred at the preliminary meeting of January 3, 1865, at which time it cannot be pretended that any corporation had been formed, for the certificate had not then been filed, or even acknowledged.

I am unable to discover in the evidence any such user of the corporate franchises as would cure the defect in the

organization of the company, or any facts which would estop the defendant from denying it. This action cannot be maintained on the ground of a partnership, for it is not framed on any such ground. If it had been, the defendant could have required the joinder of his associates.

Numerous exceptions were taken in the course of the trial, but I think the facts already stated, as well as others stated in the opinion at General Term, are amply sufficient to sustain the conclusions there reached, and that their order granting a new trial should be affirmed, and judgment absolute rendered against the plaintiffs on their stipulation, with costs.

All concur.

Order affirmed, and judgment accordingly.