W. A. EDMONSTON, Appellant, v. R. A. HENRY, Respondent.

Kansas City Court of Appeals, May 11, 1891.

1. Promissory Note : NON EST FACTUM : " EXECUTION " V. " SIGN.'; In an action before a justice on a promissory note, the defendant's affidavit alleged he " did not *sign* the note sued upon." *Held*, this was sufficient to put in issue the execution of the note, though the statute uses the word " execution " and not " sign."

2. ———— : ———— : DOCUMENTS NOT A PART OF THE CASE. Where the plea denies the execution of the instrument sued on, the signature of defendant to documents not a part of the case cannot be proven with the view of using them as standards of comparison.

3. Witnesses : EXPERT : QUALIFICATION. A merchant, and dealer in commercial paper, is by his avocation qualified to some extent to testify as to the genuineness of a signature.

4. Evidence : CONSIDERATION OF COLLATERAL CONTRACT. Evidence in reference to the consideration of a collateral contract is irrelevant.

5. Appellate Practice : MISCONDUCT OF COUNSEL : MOTION FOR NEW TRIAL. If alleged misconduct of counsel is not complained of in motion for new trial, the appellate court cannot consider it.

6. Burden of Proof : NON EST FACTUM : PREPONDERANCE : INSTRUCTION. The burden of proof in this case was by the denial of the note under oath cast upon the plaintiff, where it remained throughout the trial ; and in an instruction, that the plaintiff must by preponderance of the testimony prove that defendant signed the note, though subject to criticism, was not improper and will not warrant a reversal.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry*, for appellant.

(1) The note sued on should have been admitted in evidence. Defendant did not deny the execution of

the note, but denied that he signed it. The note might have been properly executed so as to have bound him, although not signed by him. R. S., sec. 6217; *Roths-child v. Frensdorf*, 21 Mo. App. 318. (2) Defendant's checks admitted by him to be genuine were admissible evidence. The rule that certain papers are not admissible, because they raise collateral issues, is not applicable here because these were admitted to be genuine. *Blesse v. Blackburn*, 31 Mo. App. 264; *Rose v. Bank*, 91 Mo. 399. (3) Witness Armstrong did not qualify as an expert, and it was error to permit him to testify. *State v. Owens*, 73 Mo. 440; *State v. Tompkins*, 71 Mo. 613. (4) The single issue was the genuineness of the signature, and the admission of evidence as to the transaction between defendant and Cole was error. After such improper evidence was admitted the court erred in refusing plaintiff to inquire into the consideration of the contract. Denial of the execution of this note did not raise an issue of fraud and admission of evidence of fraud was error. *Rothschild v. Frensdorf, supra.* (5) This case should be reversed for the prejudicial misconduct of defendant's attorney. The issue was forgery, and the trial should be as jealously guarded. A similar case was reversed for only one such question. *State v. Trott*, 36 Mo. App. 29. (6) The court erred in giving defendant's instruction. Why should the burden of proving by the preponderance of the testimony to the satisfaction of the jury be applied any more to the plaintiff than the defendant. *Clark v. Kitchen*, 52 Mo. 316; *Carson v. Porter*, 22 Mo. App. 179; *Miller v. Boot & Shoe Co.*, 26 Mo. App. 63; *Davis v. Railroad*, 13 Mo. App. 449; *Chappell v. Allen*, 38 Mo. 213; *Fletcher v. Milburn*, 35 Mo. App. 329. The only effect of Revised Statutes, section 6217, is that if defendant "should deny the execution thereof on oath" the note is not admissible in evidence. It does not put the burden on plaintiff to prove defendant signed it.

No brief for respondent.

SMITH, P. J.—Suit on a promissory note commenced before a justice of the peace. The execution of the note was denied on oath. On the trial of the cause in the circuit court where it had been removed by appeal the plaintiff offered to read in evidence the note notwithstanding the defendant's denial under oath, on the ground that the language of the denial, which was that defendant " did not sign the note sued on," was insufficient to put in issue the execution of the note. It is true the denial does not use the statutory word "execution" (sec. 6217), but does use the word "sign" which we think in the connection in which it was employed was a term of equivalent signification. Neither lawyer nor layman could fail to understand that, when defendant made oath that he did not sign the note, he meant that he did not execute it.

The plaintiff offered to show by a witness that cer tain checks which were produced had been signed by defendant, and that he had admitted the signature thereto to be his. It was proposed to introduce these checks as standards of comparison which the court held inadmissible for that purpose. The ruling was correct. The rule is that papers not a part of the case and not relevant *as evidence to the other issues* are excluded on the ground that to admit such documents would lead to an indefinite number of collateral issues and would operate as a surprise upon the other party who would not know what documents were to be produced, and, hence, could not be prepared to meet them. *Rose v. Bank*, 91 Mo. 399. The checks here were not a part of the case and not relevant to the other issues, and were, therefore, inadmissible in evidence as standard of comparison under the rule just stated.

The witness Armstrong did sufficiently qualify as an expert, his avocation of merchant and dealer in commercial paper qualifying him in that regard to some extent at least. His testimony shows that he considered himself an expert. We cannot see that even if there

was any question as to his competency as an expert that his testimony seriously harmed the plaintiff.

As far as we can discover there was no evidence of fraud introduced.

The evidence in respect to the consideration of a contract held in evidence related to a collateral matter, and was not relevant to the issue, and was properly excluded.

The alleged misconduct of the defendant's counsel is not made a ground of complaint in the motion for new trial, and, hence, for that reason, if for no other, we cannot consider that matter here.

There is no force in the objection urged against defendant's instruction. While it contained the word "preponderance" which has been the subject of criticism by some of the courts when used in an instruction without definition, its employment is insufficient, where there are no other errors, to warrant the reversal of the judgment. The burden of proof in this case was by the denial of the note on oath by defendant cast upon the plaintiff where it remained throughout the trial. *Feurt v. Ambrose*, 34 Mo. App. 360. This evidence was contradictory, and the instruction telling the jury that the plaintiff must by a preponderance of the testimony prove that the defendant signed the note was not improper. It is perhaps subject to some verbal criticism, but that is all.

Perceiving no errors in the record affecting the substantial rights of the plaintiff, the judgment will be affirmed. All concur.