BRADLEY FERTILIZER CO. *v.* SOUTH PUB. CO.

(*Common Pleas of New York City and County, General Term.*   February 1, 1892.)

1. CORPORATIONS DE FACTO—LIABILITY—EXERCISE OF CORPORATE FRANCHISE.
  Plaintiff sold goods to C., operating as the "South Publishing Co.," at a time when no such company had been incorporated. Seven months after the last delivery of goods, C. and his employes were incorporated as the "South Publishing Co." *Held* that, the company so organized never having exercised any corporate franchises prior to its organization, plaintiff could not recover against it, for the goods sold, as a *de facto* corporation.

2. SAME—ACCOUNT STATED.
  The acts of the officers of the company after organization, in receiving, acknowledging, and retaining an account for such goods, rendered by plaintiff, could not render the company liable as on an account stated, since there could be no account stated where there had been no prior transactions between the parties.

  14 N. Y. Supp. 917, reversed.

Appeal from city court, general term.

Action by the Bradley Fertilizer Company against the South Publishing Company to recover a balance alleged to be due for goods sold and delivered. The answer denied the sale and delivery of the goods to defendant. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF, J.

*Herbert H. Gibbs,* (*Alan D. Kenyon,* of counsel,) for appellant. *George Walton Green,* for respondent.

DALY, C. J.   It was proved that the goods for which the action was brought were sold and delivered by the plaintiff prior to May 28, 1887, and that the defendant was not incorporated until January 6, 1888; nevertheless the plaintiff was allowed to recover as upon a sale to defendant, and this recovery is attempted to be sustained upon the grounds (1) of a *de facto* corporation existing at the time of the sale, and (2) of an account stated between the plaintiff and defendant. The goods in question were sold and delivered by the plaintiff to one Clough, who, under the name of "The South Publishing Co.," was issuing a publication in which the plaintiff advertised, paying for such advertising in its goods; and the transactions by the plaintiff were with Clough under his name of "The South Publishing Co.," not knowing that that appellation was assumed by Clough for his individual business. About seven months after the last delivery of goods, Clough, with others, among them his employes, organized under the laws of Florida the defendant company, and continued his correspondence with plaintiff through said company; and, the plaintiff having addressed to the South Publishing Company an inclosure, with its bill or account for such goods, the officers of the company received the same, acknowledged it, and retained it without objection. None of the goods included in that account, however, were received by the defendant corporation. The defendant cannot be held liable upon any theory of a purchase of these goods by a *de facto* corporation. A *de facto* corporation is constituted by a user of corporate franchises, and by acts in the nature of corporate proceedings under color of organization, (*Childs* v. *Smith,* 55 Barb. 56;) or where proceedings have been taken in professed compliance with some law authorizing the formation of a corporation, and there are acts of subsequent user, (*M. E. U. Church* v. *Pickett,* 19 N. Y. 482;) or where there is a user of corporate franchises under color of an act authorizing the incorporation, (*Bank of Toledo* v. *International Bank,* 21 N. Y. 542.) There was nothing of the kind in this case. There was no attempt at organization, no use of corporate franchises, and nothing in the nature of corporate proceedings, prior to the actual incorporation of the defendant; and this was long after the sale of the goods from plaintiff to Clough. Clough was not purchasing for any corporation, or contemplated corporation, but for him-

self individually, and his use of the name "The South Publishing Co." was a mere representation that there was an existing corporation when none existed in law or in fact.

The act of the officers of the defendant in receiving and retaining the account rendered by the plaintiff does not make the defendant liable. Had the corporation existed when the goods were purchased, and had such purchase been made by an agent without authority, subsequent ratification might be inferred from the receipt and retention of the account. *Olcott v. Railroad,* 27 N. Y. 546; *Scott* v. *Railroad,* 86 N. Y. 200; *Hoyt* v. *Thompson's Ex'rs,* 19 N. Y. 207. But there can be no ratification or affirmance of an act of agency which was done at a time when there was no principal, and consequently there could be no agent. Nor could there be an account stated between the plaintiff and this defendant as to transactions occurring before the defendant existed. An account presumes prior transactions between the parties. Here there were no such transactions. "An account stated is an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions, and promising payment." Abb. Tr. Ev. 458. An account stated is merely an admission of the correctness of the items and the stated balance. A right of action, as upon a promise to pay, necessarily follows, but there is no estoppel. The account may be impeached for errors or mistakes. If it appears that any of the charges are not in law or in equity proper claims against the party debited with them, no promise to pay will be implied in respect to the balance into which they entered, and of which they are a part. *Young* v. *Hill,* 67 N. Y. 172. As the goods included in the account sent to the defendant had never been sold to nor received by it, nor properly chargeable against it, there was no basis in law or in equity for the claim, and there can be no liability as upon an account stated. The judgment appealed from must be reversed, and a new trial ordered upon the exceptions, with costs to abide the event.